IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Sep 14 2017
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| INDIVIOR INC. and INDIVIOR UK LIMITED,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>MYLAN TECHNOLOGIES INC., MYLAN PHARMACEUTICALS INC., and MYLAN N.V.,<br><br>　　　　　Defendants. | Civil Action No. 1:17-CV-157 (Keeley) |

## I.   COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Indivior Inc. (formerly known as Reckitt Benckiser Pharmaceuticals Inc.) ("Indivior") and Indivior UK Limited (formerly known as RB Pharmaceuticals Limited) ("Indivior UK"), (collectively, "Plaintiffs") file this Complaint against Defendants Mylan Technologies Inc. ("MTI"), Mylan Pharmaceuticals Inc. ("MPI"), and Mylan N.V. (collectively "Mylan" or "Defendants") and allege as follows:

### NATURE OF THE ACTION

1.　　This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Mylan's Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture, use, and sell a generic version of Plaintiffs' Suboxone® sublingual film prior to the expiration of United States Patent No. 9,687,454 ("the '454 patent" or "the patent-in-suit").

### THE PARTIES

2.　　Plaintiff Indivior is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

1

3. Plaintiff Indivior UK Limited is a United Kingdom corporation having a principal place of business at 103-105 Bath Road, Slough, UK.

4. On information and belief, MTI is a West Virginia corporation having a principal place of business at 110 Lake Street, Saint Albans, Vermont.

5. On information and belief, MPI is a West Virginia corporation having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia.

6. On information and belief, Mylan N.V. is a corporation organized and existing under the laws of the Netherlands, having a place of business at Building 4, Trident Place, Mosquito Way, Hatfield, Hertfordshire, AL10 9UL, England.

7. On information and belief, MTI is a wholly owned subsidiary of Mylan N.V.

8. On information and belief, MPI is a wholly owned subsidiary of Mylan N.V.

9. On information and belief, MTI, MPI, and Mylan N.V. collaborated and/or acted in concert in the submittal and maintenance of ANDA No. 207607.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. This Court has personal jurisdiction over MTI because of, inter alia, MTI's incorporation and registration in West Virginia, its continuous and systematic contacts with the West Virginia; and its marketing and sales activities in this judicial district, including, but not limited to, the substantial, continuous, and systematic distribution, marketing and/or sales of generic pharmaceutical products to residents of this judicial district.

12. This Court has personal jurisdiction over MPI because of, inter alia, MPI's incorporation and registration in West Virginia, its continuous and systematic contacts with the West Virginia; and its marketing and sales activities in this judicial district, including, but not

limited to, the substantial, continuous, and systematic distribution, marketing and/or sales of generic pharmaceutical products to residents of this judicial district.

13. This Court has personal jurisdiction over Mylan N.V. at least under Fed. R. Civ. P. 4(k)(2), and because Mylan N.V., MPI, and MTI operate as an integrated, unitary pharmaceutical business, whereby, on information and belief, Mylan N.V. controls and/or dominates subsidiaries MTI and MPI.

14. Mylan holds itself out and publicly represents itself as a single global entity. For example, Mylan N.V. reports revenue on a consolidated basis that includes its subsidiaries MTI and MPI. Mylan N.V.'s August 6, 2015 Quarterly Report states that Mylan has a consolidated "Generics" segment that conducts business on a global basis. On information and belief, Mylan N.V. issues press releases for its subsidiaries MPI and/or MTI regarding FDA approval of generic drugs, commercialization of generic drugs, and litigations involving the filing of ANDAs or NDAs.

15. On information and belief, Mylan N.V., MPI, and MTI have an integrated management structure, including overlapping officers and directors.

16. Upon information and belief, Defendants are agents of each other and/or work in concert with each other with respect to the development, regulatory approval, marketing, sale, and distribution of pharmaceutical products throughout the United States. Such products include the generic buprenorphine hydrochloride and naloxone hydrochloride sublingual film ("Mylan's generic product") that is described in ANDA No. 207607.

17. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

### THE PATENT-IN-SUIT

18. Plaintiff Indivior UK is the lawful owner of the '454 patent, and Plaintiff Indivior is an exclusive licensee of the '454 patent. The '454 patent, entitled "Sublingual and Buccal Film

Compositions," was duly and legally issued on June 27, 2017, naming Garry L. Myers, Samuel D. Hilbert, Bill J. Boone, Beuford Arlie Bogue, Pradeep Sanghvi, and Madhusudan Hariharan as inventors. A true copy of the '454 patent is attached hereto as Exhibit A.

## SUBOXONE ® SUBLINGUAL FILM

19. Plaintiff Indivior is the holder of New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

20. On August 30, 2010, the FDA approved NDA No. 22-410 for the manufacture, marketing, and sale of Suboxone® sublingual film for the treatment of opioid dependence. Plaintiff Indivior has sold Suboxone® sublingual film under NDA No. 22-410 since its approval.

21. The '454 patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") as covering Suboxone® sublingual film.

## DEFENDANTS' INFRINGING GENERIC PRODUCT

22. Defendant submitted ANDA No. 207607 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of Defendant's generic product before expiration of the patent-in-suit.

23. ANDA No. 207607 refers to and relies on Plaintiffs' NDA for Suboxone® sublingual film and purports to contain data showing bioequivalence of Defendant's generic product with Suboxone® sublingual film.

## COUNT 1
### Infringement of the '454 Patent Under 35 U.S.C. § 271(e)(2)

24. On information and belief, Defendants' generic product is covered by one or more claims of the '454 patent.

25. By filing ANDA No. 207607 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, and/or sale of Defendants'

generic product prior to the expiration of the '454 patent, Defendants committed an act of infringement of the '454 patent under 35 U.S.C. § 271(e)(2).

26.  Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 207607 to be a date which is not any earlier than the expiration date of the '454 patent, including any extensions of that date.

## COUNT 2
### Declaratory Judgment of Infringement of the '454 Patent Under 35 U.S.C. § 271

27.  On information and belief, unless enjoined by this Court, Defendants plan and intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Defendants' generic product immediately following approval of ANDA No. 207607.

28.  On information and belief, Defendants' commercial manufacture of Defendants' generic product before the expiration of the '454 patent would infringe one or more claims of the '454 patent under 35 U.S.C. § 271.

29.  The acts of infringement by Defendants set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, and those acts will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

A.  A judgment that Defendants have infringed the '454 patent under 35 U.S.C. § 271(e)(2) by maintaining ANDA No. 207607;

B.  A declaratory judgment that Defendants' commercial manufacture within the United States of Defendants' generic product would infringe the '454 patent under 35 U.S.C. §

271;

C.  Preliminary and permanent injunctions, restraining and enjoining Mylan, its officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with them, from engaging in, causing, or inducing the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs and formulations, or from inducing and/or encouraging the use of methods, claimed in the patent-in-suit;

D.  An order that the effective date of any approval of ANDA No. 207607 be a date that is not earlier than the expiration of the patent-in-suit, including any extensions thereof and any later expiration of exclusivity associated with the '454 patent;

E.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees;

F.  A judgment granting Plaintiffs compensatory damages in an amount to be determined at trial including both pre-judgment and post-judgment interest if Mylan commercially manufactures, uses, offers to sell, or sells in the United States, or imports into the United States, Defendants' generic product before the expiration of the patent-in-suit, including any extensions; and

G.  Any and all other relief as the Court deems just and proper.

Dated: September 14, 2017

Of Counsel:

Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
J. Magnus Essunger
TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
(212) 704-6000
daniel.ladow@troutman.com
james.bollinger@troutman.com
timothy.heaton@troutman.com
magnus.essunger@troutman.com

*Counsel for Plaintiffs*

Jeffrey B. Elikan
Jeffrey H. Lerner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
jelikan@cov.com
jlerner@cov.com

*Counsel for Plaintiffs*

Respectfully submitted,

*/s/ Chad L. Taylor*
Chad L. Taylor (WVSB# 10564)
Frank E. Simmerman, Jr. (WVSB# 3403)
Frank E Simmerman, III (WVSB# 11589)
SIMMERMAN LAW OFFICE, PLLC
254 Main Street
Clarksburg, West Virginia 26301
(304) 623-4900
clt@simmermanlaw.com
fes@simmermanlaw.com
trey@simmermanlaw.com

*Counsel for Plaintiffs*